## LIQUIDATION ANALYSIS UNDER CHAPTER 7

**I.     Assets**

| | |
|---|---:|
| Cash on hand: | $4,996.24 |
| Sale of 400 Ferry Point Road (net of closing costs): | $1,488,000.00 |
| Sale of 803 Mayfair Road (net of closing costs): | $70,000.00 |
| Preference/Avoidance Actions: | $20,000.00 |
| Other Assets (net of exemptions): | $10,000.00 |

Total: **$1,592,996.20**

**II.    Secured Debt**

| | |
|---|---:|
| Liens Against 400 Ferry Point Road: | $1,619,160.90 |
| Liens Against Mayfair Road: | $0.00 |
| Liens Against Other Assets: | $10,000 (IRS) |

Total: **$1,629,160.00**

**III.   Priority Debts**

| | |
|---|---:|
| Internal Revenue Service: | $658,311.36 |
| Comptroller of Maryand: | $54,051.00 |

Total: **$712,362.60**

**IV.    Unsecured Debts**

| | |
|---|---:|
| General Unsecured Claims: | $398,980.56 |

Total: **$398,980.56**

If the Debtor's case was converted to Chapter 7, the only assets available would be for payment to holders of Priority Tax Claims. If the case was converted to Chapter 7, a Chapter 7 Trustee could potentially liquidate 803 Mayfair Blvd, the cash in the bank, and pursue avoidance actions. The Debtor estimates that a Chapter 7 Trustee could potentially obtain approximately $94,996.00 in proceeds, before deduction of Trustee's fees and expenses. It is estimated that after the Trustee's fees and expenses, Priority Tax Claimants would receive approximately $65,000, which would be distributed to Priority Tax Claim holders on a pro-rata basis, or approximately nine percent (9%) of such claims.

Holders of General Unsecured Claims would receive no distribution if the Debtor's case was converted to Chapter 7.