# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
### Baltimore Division

IN RE:  　　　　　　　　　　　　　　　　　Case No. 19-11500-DER
JOSEPH G. GORSKI
　　Debtor　　　　　　　　　　　　　　　　Chapter 11

___

### OBJECTION TO DEBTOR'S DISCLOSURE STATEMENT FOR DEBTOR'S PROPOSED PLAN OF REORGANIZATION

　　COMES NOW, The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Loan Asset-Backed Certificates 2004-SP1 as serviced Bank of America, N.A. ("Creditor"), by and through counsel, files its Objection to the Debtor's Disclosure Statement for Debtor's Proposed Plan of Reorganization (the "Disclosure Statement"), and as reasons respectfully represents as follows:

　　1.　Creditor is a mortgage lender/servicer.

　　2.　On or about February 4, 2019, Joseph G. Gorski (the "Debtor") filed a Voluntary Petition in this Court under Chapter 11 of the United States Bankruptcy Code.

　　3.　According to Debtor's filed Petition and Schedules and Creditor's filed Proof of Claim, Creditor holds a Deed of Trust secured by a property located in the Baltimore, MD, and improved by a residence known as 400 Ferry Point Road, Annapolis, MD 21403 (the "Property").

　　4.　Effective on or about June 1, 2015 the terms of the note and Deed of Trust were modified by a written agreement (the "Loan Modification Agreement"). Per the terms of the Loan Modification Agreement, the loan matures on December 1, 2021.

　　5.　On October 31, 2019 the Debtor filed his Disclosure Statement and Chapter 11 Plan (the "Plan"). The Disclosure Statement proposes to treat Creditor as a member of Class 1.

　　6.　Creditor objects to approval of the Disclosure Statement. In support of its objection Creditor offers the following:

　　7.　In order for a disclosure statement to be confirmed it should contain "adequate

information," which is defined under 11 U.S.C. § 1125(a)(1):

> Information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

8. In preparing his disclosure statement, the debtor must "include… all information that is reasonably necessary to permit creditors and parties-in-interest to fairly and effectively evaluate the plan." In re Robert's Plumbing and Heating, LLC, 2011 WL 2972092 Bkrtcy.D.Md., 2011. Such disclosure of information is essential to allow creditors to make an informed decision to accept or reject a proposed Chapter 11 plan.

9. The Disclosure Statement, along with the monthly operating reports, should provide a cogent and complete picture of the Debtor's past hardship, current financial situation, and future expectations. This information is critical for a Creditor to make an informed judgment of the plan. Here, the Debtor fails to provide sufficient information to satisfy this requirement. The Disclosure Statement and proposed Chapter 11 Plan state that the Debtor shall fund the plan from Debtor's salary and/or Debtor's dividends from Tradeways, a corporation in which Debtor retains 100% interest. The Disclosure Statement fails to provide a detailed picture of Tradeaways' current financial situation and future expectations.

10. Although the Debtor's filed monthly operating reports include the Debtor's monthly income, Creditor cannot determine feasibility of any plan without the information regarding Tradeways, which is required to calculate the Debtor's expected monthly obligations and ability to review its treatment and the treatment of other parties.

11. Additionally, in order for a Disclosure Statement to be approved, the accompanying Chapter 11 plan, at least on its face, must be confirmable. (In re Pecht, 53 B.R. 768, Bkrtcy. Va., 1985); (In re Criimi Mae, Inc., 251 B.R. 796, Bkrtcy. Md, 2000).

12. Per the Debtor's Schedules, the Property has an estimated value of $1,600,000.00. As of February 4, 2019, the outstanding amount of the Obligations due to the Creditor, less any partial payments or suspense balance is $442,900.53.

13. The Debtor's Disclosure Statement and proposed Chapter 11 Plan state that Debtor will make post-petition monthly payments directly to Creditor of $4,500 per month through and including January 31, 2024, and will list the Property for sale no later than October 1, 2020.

14. The Disclosure Statement fails to mention that the Property has been marketed for sale since February 15, 2018 and no sale contract has been presented. The Disclosure Statement also fails to acknowledge that the loan maturity date is December 1, 2021 and that Debtor's proposed treatment under the Chapter 11 Plan extends the loan maturity date beyond the terms of the Loan Modification Agreement without written approval from Creditor. Debtor's Disclosure Statement states that Debtor will list the Property for sale again by October 1, 2020 but does not provide a reasonable deadline by which the Property should be sold and does not provide for alternative treatment should the Property fail to sell by the deadline.

15. Simply stated, this Creditor is without sufficient information regarding the proposed sale of the Property to determine if they can accept or reject the Plan. The Disclosure Statement and Chapter 11 Plan do not contain enough details regarding the sale of the Property, including a deadline for the sale be completed and alternative provisions should the Property not sell in that time, to meet the requirements of 11 U.S.C. §1123(a)(5).

WHEREFORE, the Creditor its successors and/or assigns prays that this Court:

1. Enter an order DENYING approval of the Debtor's Disclosure Statement for Debtor's Proposed Plan of Reorganization; and

2. Grant such other and further relief as necessary.

Dated: January 13, 2020

Respectfully Submitted,
**BWW Law Group, LLC**

/s/ Nikita Joshi
Niktia Joshi, Esq.
MD Fed. Bar No. 19720
6003 Executive Blvd., Suite 101
Rockville, MD 20852
(301) 961-6555
(301) 961-6545 (facsimile)
bankruptcy@bww-law.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 13th day of January, 2020, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the foregoing will be served electronically by the Court's CM/ECF system on the following:

Katherine A. Levin, Office of the U.S. Trustee

Steven L. Goldberg, Esq.

I hereby further certify that on this 13th day of January, 2020, a copy of the foregoing was also mailed first class, postage prepaid, to:

Joseph G Gorski
400 Ferry Point Rd
Annapolis, MD 21403

                                                  /s/ Nikita Joshi
                                                  Nikita Joshi, Esq.