IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 19-11500-DER |
| JOSEPH G. GORSKI ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**MOTION TO COMPEL BANK OF NEW YORK MELLON TRUST COMPANY TO COMPLY WITH THE CONFIRMED PLAN, TO APPLY INSURANCE CHECK TO LOAN, AND TO RELEASE BOND**

Joseph G. Gorski, Debtor and Debtor-in-possession (the "Debtor") by and through his attorneys, McNamee Hosea, P.A., files this Motion to Compel Bank of New York Mellon Trust Company to Comply with the Terms of the Confirmed Plan, to Apply Insurance Check to Debtor's Loan, and to Release Bond (the "Motion") and, in support thereof, states as follows:

**Background**

1. On February 4, 2019, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

2. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the Local Rules of the United States District Court for the District of Maryland. This is a "core proceeding" in which this Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157.

3. On June 30, 2020, the Debtor filed his Second Amended Disclosure Statement and Second Amended Chapter 11 Plan of Organization (collectively, the "Plan") [Docket No. 97].

4. On September 11, 2020, the Court entered an Order confirming the Plan.

5. The Debtor continues to make payments to creditors under the Plan.

6. Among other assets and creditors, on the Petition Date, the Debtor owned the real property and improvements located at 400 Ferry Point Road, Annapolis, Maryland (the "Property"). Prior to the Petition Date, the Bank of New York Mellon Trust Company (the "Lender") commenced a foreclosure action against the Property. Litigation between the Debtor and the Lender ensued in connection with that foreclosure proceeding. In order to stay foreclosure while the state court litigation was pending, the Debtor posted a bond in the amount of $5,403.70 to secure the issuance of a temporary restraining order. Upon information and belief, the bond remains in the Court registry of the Circuit Court for Anne Arundel County.

7. This bankruptcy case was commenced prior to the conclusion of the Pre-Petition litigation between the Debtor and the Lender.

8. By this Motion, the Debtor seeks entry of an Order compelling the Lender to either release the bond to the Debtor, so it can be used to fund payments under the Plan or, alternatively, apply the value of the bond to the Debtor's Loan.

9. Additionally, as set forth below, the Debtor seeks the entry of an Order compelling the Lender to comply with the terms of the Plan and, authorizing the Lender to credit the Loan against an insurance check tendered by the Debtor to the Lender in the amount $44,953.05.

## Relief Requested

### I.  The Application of Loan Payments

10. The Plan treats the Lender's Allowed Secured Claim, in relevant part, as follows:

**Class 1:  Allowed Secured Claim of Bank of New York Mellon Trust Company**

This Class consists of the Allowed Secured Claim of Bank of New York Mellon Trust Company pursuant to a Note dated November 15, 1991, and secured by a Refinance Deed of Trust recorded against the real property located at 400 Ferry Point Road, Annapolis, Maryland 21403 in the original principal amount of $870,000.00. As of the Petition Date, the Bank of New York Mellon Trust Company asserts a secured claim in the amount of $442,900.53, including pre-

petition arrears in the amount of $266,654.38.  As of the Confirmation Date, the Debtor anticipates Bank of New York's Allowed Class 1 Secured Claim to be reduced (on account of post-petition payments) to approximately $334,000.00.  The Note is governed by a fixed rate of interest in the amount of 4.5%, which shall remain unchanged.  The Note matures by its terms on December 1, 2021.  **By the Debtor's confirmed Plan, the Debtor shall make monthly adequate protection payments to the Bank of New York Mellon at the non-default rate of interest of 4.5%.  The Debtor's monthly adequate protection payment (including escrow for property taxes and insurance) shall be $5,500.00 per month through and including December 1, 2022 (the "Final Date"), at which time the balance, if any, of the Allowed Class 1 Secured Claim shall be paid in full**…

Class 1 is Impaired and is entitled to Accept or Reject the Plan.

See Confirmation Order, at Docket No. 105.

11. According to the Debtor's monthly mortgage statements, despite the Plan language to the contrary, the Lender asserts that monthly principal, interest and escrow is due in the amount of $7,076.61

12. Accordingly, each time the Debtor makes a payment as required under the Plan in the amount of $5,500.00, the Lender holds the payments in suspense, thereby causing the Debtor to accrue fees and interest that the Debtor is otherwise not responsible for.

13. Though the Lender's counsel has been fully cooperative, as of the date of this Motion, the Lender has not modified the Loan to conform with the Plan.

14. Accordingly, the Debtor seeks entry of an Order compelling the Bank of New York to amend the Debtor's Loan to comply with the Plan and, in particular, to acknowledge the fixed monthly payment of principal, interest and escrow in the amount of $5,500 per month.

## II. *Application of Insurance Check*

15. As a result of damage to the Property, the Debtor received a post-confirmation check from his insurance carrier in the amount of $44,953.05.

16. On May 3, 2021, the Debtor sent the insurance check to Bank of America, requesting that the insurance proceeds be credited against the Loan.

17. The Lender is holding the insurance proceeds, but declines to apply them to the Debtor's Loan absent an Order of this Court.

18. Accordingly, the Debtor respectfully requests the entry of an Order authorizing and directing the Lender to apply the insurance check in the amount of $44,935.05 to the Debtor's Loan.

### III. Application of the Bond

19. Finally, as mentioned infra, prior to the Petition Date, the Debtor posted a bond in the amount of $5,403.70 to secure a temporary restraining order in connection with the Pre-Petition foreclosure proceeding brought by the Lender in the Circuit Court for Anne Arundel County.

20. Upon information and belief, the bond remains in the Circuit Court Registry.

21. Multiple times, the Debtor has requested the Lender's consent to release the bond to the Debtor and/or apply the proceeds of the bond to the Loan.

22. The Lender refuses to release the bond to the Debtor, or apply it to the Debtor's Loan, based on its contention that the Debtor's Pre-Petition motion for injunctive relief lacked merit, and that the Lender was "damaged by the delay, such as having incurred costs associated with the cancelled sale."

23. Accepting *arguendo* the Lender's contention that it was damaged by the delay of the Debtor's Pre-Petition motion for injunctive relief, any such fees and costs were presumably included, or should have been included, in the Lender's proof of claim. The Lender cannot simply take the bond money without applying it to timely, documented fees and costs under the Loan. If the Lender did not timely assert any such damages in its Proof of Claim, the Lender is now barred

from asserting new claims both because the bar date has long passed, and because the Plan is *res judicata*.

24. The Lender has no factual or legal basis to withhold the bond. The Debtor respectfully requests that the Lender be compelled to release the bond to the Debtor to be applied to payments under the Plan or, in the alternative, that the Lender apply the bond to the Debtor's Loan.

**WHEREFORE**, Joseph G. Gorski, the Debtor, respectfully requests that this Honorable Court:

A. **ORDER** that Bank of New York Mellon Trust Company modify the Debtor's Loan to conform with the treatment of its Class 1 Allowed Secured Claim under the Plan;

B. **ORDER** that Bank of New York Mellon Trust Company apply the proceeds of the insurance check in the amount of $44,953.05 to the balance of the Debtor's Loan;

C. **ORDER** that the Bank of New York Mellon Trust Company apply the bond to the Debtor's Loan; and

D. **ORDER** such other and further relief as this Court may deem just, equitable, and proper.

Date: August 8, 2021                                          Respectfully submitted,

/s/ Steven L. Goldberg
Steven L. Goldberg (Fed Bar No. 28089)
McNamee Hosea, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, Maryland  20770
(301) 441-2420
sgoldberg@mhlawers.com
*Counsel for Joseph Gorski*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 8th day of August, 2021, I served the foregoing on the parties set forth below:

**By CM/ECF:**

- Katherine.a.levin@usdoj.gov    lynn.a.kohen@usdoj.gov
- US Trustee - Greenbelt    USTPRegion04.BA.ECF@USDOJ.GOV
- Nikita Joshi  bankruptcy@bww-law.com
- Dominique Sinesi  Sinesi.dominique@dol.gov
- Jonathan Wall  jwall@hwlaw.com

/s/ Steven L. Goldberg
Steven L. Goldberg